[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on January 17, 1987 at New York CT Page 119 City, New York. They have resided in the State of Connecticut for five years. There are no minor children issue of the marriage.
The court has listened to the witnesses and reviewed all the exhibits in the case. The plaintiff's testimony was self-serving at times and not always borne out by the evidence.
In addition, the court has carefully considered the criteria set forth in Connecticut General Statutes sections 46b-62, 46b-81, and46b-82 in reaching the decisions reflected in the orders that follow.
To the extent applicable, the court has also weighed the holding of the appellate court in O'Neill v. O'Neill, 13 Conn. App. 300,311, 536 A.2d 978, cert. denied, 207 Conn. 806, 540 A.2d 374
(1988) wherein the court said as follows:
 A property division ought to accord value to those nonmonetary contributions of one spouse which enable the other spouse to devote substantial effort to paid employment which, in turn, enables the family to acquire tangible marital assets. The investment of human capital in homemaking has worth and should be evaluated in a property division incident to a dissolution of marriage. We hold, accordingly, that an equitable distribution of property should take into consideration the plaintiff's contributions to the marriage, including homemaking activities and primary caretaking responsibilities. See also Blake v. Blake, 207 Conn. 217, 230-31 (1988)
At the time of trial the plaintiff wife was 54 years old and the defendant husband was 52. Both parties are in good health. The plaintiff is a junior college graduate who had a professional ice skating career until 1971, worked in personnel and then seized as a personal assistant to singer Judy Collins until November 1986. At the time she met and married the defendant she was earning approximately $25,000 per year. She worked during the marriage and at the time of trial was employed in the legal department of BMG Music where she earns approximately $35,000 per year. The amount varies due to the amount of overtime she works. Income tax returns indicate that in 1991 she earned $29,867 and in 1992, $33,620.68. She brought approximately $28,000 in assets to the marriage. CT Page 120
The defendant received his Masters degree in finance, and is a certified financial advisor. In 1992 he completed course work to obtain his certification as a public accountant but lacks the three years experience in the field to obtain his professional CPA license. At the time the parties met he was an institutional salesman and account executive for Bear Stearns and by the time of the marriage he worked for Chase Investors Management Corporation in the same field. He earned approximately $130,000 per year plus incentive monies. He left Chase involuntarily in early 1990 and, unable to find work in finance, took a job as a shoe salesman in Macy's for one and one-half years where he received commissions but no salary. He earned approximately $21,000 annually there, supplementing his income with work at HR Block. Today he works for the Town of Windsor as a Senior Financial Analyst and earns approximately $46,000. He has attempted to find positions in the investment field but does not anticipate finding such in the future. Although he met child support and alimony obligations from an earlier marriage based on 40% of his salary, the defendant brought in excess of $200,000 in assets into the marriage. His obligations were modified after he lost his position at Chase.
The parties jointly own real property at 61 Robin Hood Road, Stamford. The home was purchased in 1988 for $315,000. The Plaintiff contributed $5000 or more than 1 1/2% of the purchase price to the down payment. The defendant contributed $110,000 or approximately 35%. During the period of the defendant's unemployment and underemployment, he paid the mortgage of nearly $2500 per month from earned income, dividend income and assets. The plaintiff paid several household bills.
The court finds that there is requisite jurisdiction and that the allegations of the complaint are proven and true. The evidence presented at trial clearly established that the parties' marriage has broken down irretrievably. No useful purpose would be served by a review of the evidence as presented. The parties' differences in personalities, values and sensitivities caused problems which led to the irretrievable breakdown of the marriage. The court declines to assess fault to either party for this breakdown. Judgment may enter dissolving the marriage on the ground of irretrievable breakdown.
The following orders may enter:
A. Alimony CT Page 121
1. Neither party is awarded alimony.
B. Real Property
1. The marital home at 61 Robin Hood Road shall be listed for sale immediately at a price agreed upon by the parties. They shall accept an offer within 5% of the listing price. If they cannot agree upon a listing price they shall each choose a realtor; the two realtors shall then choose a third realtor who shall determine the listing price. The listing price shall be reviewed every thirty days after June 1, 1994. Both parties shall cooperate fully with the realtors marketing the property permitting the use of a lock box, open house and other marketing techniques recommended by the realtors.
2. Until the sale, the plaintiff shall have exclusive possession of the premises. She shall pay, utilities, and any sewer and water assessments. The plaintiff shall pay the first $250 of the cost of any reasonable and necessary repair; the parties shall share equally that portion of a repair that exceeds $250.
3. Until the sale, the parties shall be equally responsible for paying the mortgage, real estate taxes and insurance. The defendant shall pay one-half the mortgage payments to which he did not contribute between August and December, 1993. Each party shall be entitled to deduct up to one-half the aforesaid expenses on his/her 1994 income tax return.
4. At the time of the sale, after payment of the first mortgage, any unpaid assessments through the date of judgment, real estate commission and customary closing costs, the net proceeds shall be divided equally by the parties. Any capital gains liability shall be apportioned equally.
5. The court shall retain jurisdiction over any disputes arising with regard to the repair, listing or sale of the property.
C. Personal Property
1. The defendant shall transfer ownership of the 1984 Buick automobile to the plaintiff within 30 days of the date of judgment.
2. The defendant shall retain the 1983 Cutlass automobile. CT Page 122
3. The defendant shall remove any personal belongings of his or his children, including personal property he owned before the marriage from the marital residence.
4. The plaintiff shall retain personal property she owned before the marriage.
5. The remaining furniture and furnishings acquired by the parties during the marriage shall be divided equitably. If the parties cannot agree upon a division, the Family Relations Office shall mediate the dispute.
6. The plaintiff shall retain all the other assets listed on her financial affidavit.
7. The defendant shall retain all the other assets listed on his financial affidavit.
D. Liabilities
1. Each party shall be responsible for the obligations appearing on his or her financial affidavit and hold the other party harmless thereon.
E. Counsel Fees
1. Each party shall pay his or her own counsel fees.
All other claims for relief not expressly addressed herein have been rejected.
Leheny, J. CT Page 123